The Honorable Becky Lynn State Representative 105 South Third Street Heber Springs, AR 72543-3805
Dear Representative Lynn:
This is in response to your request for an opinion on the following questions:
 1. If assessment records are requested by someone, what can be charged for the following forms of the data?
a) computer print-out
b) computer disk
c) single sheet copies
 2. If the request is for the data in the form of computer disk, is the county responsible for producing the data in a format that is compatible for the individual?
 3. The CAMA system contains various reports for sales analysis for valuation purposes. Must these reports be made available to the public? If so, what can be charged for them?
 4. Because the Assessor's office expense is pro-rated to the various taxing units, how should funds from the sale of data be handled?
In presenting these questions, you note that the number of requests for copies of computerized assessment data has greatly increased following the addition of Computer Assisted Mass Appraisal (CAMA) systems to the county assessor's offices.
RESPONSE
Question 1 — If assessment records are requested by someone, what can becharged for the following forms of the data: a) computer printout; b)computer disk; c) single sheet copies?
As noted in previous opinions issued by this office, the Arkansas Freedom of Information ("FOIA," codified as A.C.A. §§ 25-19-101 et seq.) does not directly address the issue of fees or charges for copies of public records or for access to computerized records. See Op. Att'y Gen. Nos.97-115, 96-259, 94-282. The act is simply silent on this question. Nor are there any reported Arkansas cases establishing or approving any set charges for public records. I thus cannot offer a conclusive response to this question. I agree with the statement that the FOIA does not itself require agencies to provide copies free of charge to the public. See Op. Att'y Gen. 96-259 (citing several unpublished decisions); see also Moorev. State, 324 Ark. 453, 921 S.W.2d 606 (1996) (stating that the FOIA "does not require a court to provide free-of-charge a copy of material on file with the court.") Questions arise, however, with respect to any parameters or restrictions on the amount of the fee. Op. Att'y Gen.96-259.
In accordance with previous opinions of this office, I believe a "reasonableness" test likely applies. Op. Att'y Gen. Nos. 96-259 (noting previous opinions regarding fees being "reasonably related to the actual cost of producing the copies[;]") and 97-030 (opining that the same "reasonableness" test will apply in the case of electronic data compilations.) Again, however, there is no standard, set charge. While it appears that some fee is chargeable, the reasonableness of the fee in a specific instance will likely require analysis of the particular factors producing the cost incurred. Op. 96-259. It is clear, in this regard, that an agency may not charge a fee for the time spent in retrieving the records. See, e.g., Op. Att'y Gen. Nos. 95-031 and 94-282. Otherwise, however, the factors will obviously vary case by case, and agency by agency. And it has been previously opined that an agency must be prepared to justify the costs assessed in the event of a challenge. Op. Att'y Gen. 90-095.
Question 2 — If the request is for the data in the form of computerdisk, is the county responsible for producing the data in a format thatis compatible for the individual?
It is difficult to answer this question in the abstract, without more information regarding the particular computerized data system. If the requested format is readily available to the county, it would seem reasonable to expect the county to produce the data in that format. Cf.
Op. Att'y Gen. 99-199 (noting the fact that much of the burden on an agency with respect to retrieving records can be relieved in the case of computerized data). The extent to which an agency is required to manipulate data to comply with an FOIA request is an issue, however, that remains to be satisfactorily addressed by either the legislature or the courts.
Question 3 — The CAMA system contains various reports for sales analysisfor valuation purposes. Must these reports be made available to thepublic? If so, what can be charged for them?
The factual nature of this question precludes a conclusive response. Depending upon the particular facts, issues may arise requiring application of the so-called "competitive advantage" exemption under the FOIA. A.C.A. § 25-19-105(b)(9)(A). Please note in this regard that I have enclosed a copy of Attorney General Opinion 97-071, which sets forth the applicable legal analysis. I lack sufficient facts to determine whether this, or any other exemption, is potentially applicable to the reports in question.
If it is determined, as a factual matter, that the reports are non-exempt public records, then the response to Question 1 above should be referenced for general guidance in determining what may be charged for the reports.
Question 4 — Because the Assessor's office expense is prorated to thevarious taxing units, how should funds from the sale of data be handled?
Because, in my opinion, as discussed above, any fee or charge must be related to actual copying costs, it may reasonably be concluded that proceeds from any such fee or charge would be prorated among the taxing units.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh